UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUGUSTIN SALAZAR,<br><br>Plaintiff,<br><br>v.<br><br>FRESNO COUNTY SHERIFF'S OFFICE,<br><br>Defendants. | Case No. 1:24-cv-00167-KES-HBK (PC)<br><br>AMENDED FINDINGS AND RECOMMENDATIONS[1]<br><br>(Doc. No. 12)<br><br>FOURTEEN-DAY OBJECTION PERIOD |

On April 30, 2024, the Court issued a Findings and Recommendations to dismiss this action for Plaintiff's failure to respond to the Court's March 20, 2024 Screening Order or file an first amended complaint. (Doc. No. 10, "F&R"). Plaintiff filed a pleading titled "Objection to Magistrate Judges Findings and Recommendations" accompanied by a First Amended Complaint. (Doc. Nos. 11, 12). Liberally construed, the Court interprets the pleading as seeking an extension of time to respond to the March 20, 2024 Screening Order. Accordingly, the Court grants the construed extension of time and will screen Plaintiff's First Amended Complaint under 28 U.S.C. § 1915A. Upon review, the undersigned recommends the district court dismiss the First Amended Complaint because it fails to state any cognizable federal claim.

////

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2023).

## SCREENING REQUIREMENT

A plaintiff who commences an action while in prison is subject to the Prison Litigation Reform Act ("PLRA"), which requires, *inter alia*, the court to screen a complaint that seeks relief against a governmental entity, its officers, or its employees before directing service upon any defendant. 28 U.S.C. § 1915A. This requires the court to identify any cognizable claims and dismiss the complaint, or any portion, if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

At the screening stage, the court accepts the factual allegations in the complaint as true, construes the complaint liberally, and resolves all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003). The Court's review is limited to the complaint, exhibits attached, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice. *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 966 (9th Cir. 2014); *see also* Fed. R. Civ. P. 10(c). A court does not have to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Critical to evaluating a constitutional claim is whether it has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

The Federal Rules of Civil Procedure require only that a complaint include "a short and plain statement of the claim showing the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Nonetheless, a claim must be facially plausible to survive screening. This requires sufficient factual detail to allow the court to reasonably infer that each named defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969. Although detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678 (citations omitted), and courts "are not required

to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

If an otherwise deficient pleading can be remedied by alleging other facts, a pro se litigant is entitled to an opportunity to amend their complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v. Department of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). However, it is not the role of the court to advise a pro se litigant on how to cure the defects. Such advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13. Furthermore, the court in its discretion may deny leave to amend due to "undue delay, bad faith or dilatory motive of the part of the movant, [or] repeated failure to cure deficiencies by amendments previously allowed . . . ." *Carvalho v. Equifax Info. Srvs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010).

## BACKGROUND AND SUMMARY OF OPERATIVE PLEADING

Plaintiff, a county jail inmate proceeding pro se and *in forma pauperis*, initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983. (Doc. No. 1, "Complaint"). On March 20, 2024, the undersigned screened Plaintiff's Complaint and found that it failed to state any cognizable constitutional claim. (*See* Doc. No. 8). The Court advised Plaintiff of the pleading deficiencies and applicable law and afforded Plaintiff the opportunity to file an amended complaint. (*Id.*). On April 30, 2024, after Plaintiff failed to timely file an amended complaint or otherwise respond to the Court's March 20, 2024 screening order, the undersigned issued Findings and Recommendations to dismiss this action for Plaintiff's failure to prosecute and comply with court orders. (Doc. No. 10). On May 17, 2024, Plaintiff filed the construed motion for extension of time accompanied by a First Amended Complaint. (Doc. Nos. 11, 12). On May 28, 2024, Plaintiff filed a second pleading titled "Objections to Magistrate Judges [sic] Findings and Recommendations." (Doc. No. 13). Because the Court grants the construed motion for extension of time and accepts Plaintiff's First Amended Complaint (Doc. No. 12, "FAC") for filing, the Court finds the May 28, 2024 Objections are moot. The Court now screens Plaintiff's FAC pursuant to 28 U.S.C. § 1915A.

3

Plaintiff's FAC stems from events that took place at Fresno County Jail ("FCJ"). (*See* Doc. No. 12). The FAC identifies the following FCJ staff as Defendants: (1) Sergeant Moreno; (2) Correctional Officer Carmago[2]; (3) Correctional Officer Rivera; (4) Correctional Officer Alvardo; (5) and "Any Jhon [sic]/Jane Doe." (*Id*. at 2-3). The FAC generally alleges claims under the Fourth, Fifth, Sixth, and Eighth Amendments for "tortis [sic] behavior, etc. cruel [and] unusual punishment" and for gross negligence. (*See id*. at 3-4). The following facts are presumed to be true at this stage of the screening process.

On November 21, 2023, "an incident occur[r]ed" involving Defendants Carmargo, Rivera, Alvardo, and "other Defendants who are relevant and responded to the incident which are the subject of these claims." (*Id*. at 4). While Plaintiff does not specify the nature of the incident, in his initial Complaint Plaintiff had alleged that he and other inmates were exposed to chemical agents and were not allowed to shower for more than 72 hours.[3] The FAC does not describe what role any of the named Defendants played in the incident. (*See* Doc. No. 12). Further, the FAC does not contain any allegations that Plaintiff was suffering from exposure to the chemical agents. (*Id*.).

On November 25, 2023, Plaintiff "addressed the issue of not being allowed to shower after 72 hours" with Defendant Moreno. (*Id*. at 3). Plaintiff attributes liability to Defendant Moreno "under a repondeat superior theory" "for the negligent conduct of the Individual Defendants, and control [sic] the conduct of officers" and for violating the "promulgating procedures and policies in Section 10 [of] the Inmate Handbook." (*Id*. at 3-4). Plaintiff attaches as an exhibit to his Complaint a section of the Fresno County Sheriff's Office Jail Division Policies and Procedures titled "Use of Chemical Agents."[4]

---

[2] This Defendant is referred to variously as "Carmago" and "Carmargo." (*See generally* Doc. No. 13).

[3] The Court liberally construes Plaintiff's pleadings and garners relevant facts from his previous filing. *See Yong Lor v. Asuncion*, 2018 WL 6177228, at *1 (C.D. Cal. Aug. 21, 2018).

[4] The Court's review is limited to the complaint, exhibits attached, and materials incorporated into the complaint by reference, and matters of which the court may take judicial notice. *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 966 (9th Cir. 2014); *see also* Fed. R. Civ. P. 10(c). Because the exhibits are attached and incorporated in the Complaint, the Court may consider the exhibits when their authenticity is not questioned. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (noting at 12(b)(6) stage material properly submitted as part of the complaint may be considered without converting the motion to

## APPLICABLE LAW AND ANALYSIS

**A. Section 1983 and Eighth Amendment Claim**

Plaintiff brings this claim under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must both (1) allege the deprivation of a right secured by the federal Constitution or statutory law, and (2) allege that the deprivation was committed by a person acting under color of state law." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs*., 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). Under binding Ninth Circuit precedent, "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

According to the FAC, Plaintiff was exposed to chemical agents but was not afforded the opportunity to take a shower for 72 hours. (Doc. No. 12 at 3-5). Liberally construed, Plaintiff alleges that correctional officials were deliberately indifferent to his serious medical need in violation of the Eight Amendment because he was unable to decontaminate after being subjected to chemical agents.

To maintain an Eighth Amendment claim premised on prison medical treatment, the prisoner must show that officials were deliberately indifferent to his medical needs. A finding of "deliberate indifference" involves an examination of two elements: the seriousness of the plaintiff's medical need (determined objectively) and the nature of the defendant's response (determined by defendant's subjective state of mind). *See McGuckin v. Smith,* 974 F.2d 1050, 1059 (9th Cir.1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller,* 104 F.3d

---

dismiss to a motion for summary judgment). While the Court accepts the factual allegations in the Complaint as true, it need not accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. *See Mullis v. United States Bankr.Ct.,* 828 F.2d 1385, 1388 (9th Cir.1987); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001).

1133, 1136 (9th Cir.1997) (en banc). On the objective prong, a "serious" medical need exists if the failure to treat "could result in further significant injury" or the "unnecessary and wanton infliction of pain." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014). On the subjective prong, a prison official must know of and disregard a serious risk of harm. *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). Such indifference may appear when a prison official intentionally denies or delays care, or intentionally interferes with treatment once prescribed. *Estelle,* 429 U.S. at 104-05.

Although officers may use chemical agents in certain circumstances, once chemical agents have been used, an inmate (and those exposed to the chemical agents) must be allowed a reasonable opportunity for decontamination. *Clement v. Gomez*, 298 F.3d 898, 904-05 (9th Cir. 2002); *see also LaLonde v. County of Riverside*, 204 F.3d 947, 961 (9th Cir. 2000) ("The same principle is applicable to the use of pepper spray as a weapon: the use of such weapons . . . may be reasonable as a general policy to bring an arrestee under control, but in a situation in which an arrestee surrenders and is rendered helpless, any reasonable officer would know that a continued use of the weapon or a refusal without cause to alleviate its harmful effects constitutes excessive force."); *see also Headwaters Forrest Def. v. Cnty. of Humboldt*, 276 F.3d 1125, 1130-31 (9th Cir. 2002) ("[I]t would have been clear to any reasonable officer that defendants' refusal to wash out the protesters' eyes with water constituted excessive force under the circumstances.").

The FAC alleges that Plaintiff and "several other Inmates . . . were exposed and affected, and did seek the chance to shower, or decontamination, but were denied . . ." (*Id*. at 4-5). While the FAC, unlike the Complaint, now includes the names of several officers Plaintiff alleges "responded to the incident" on November 21, 2023, the FAC contains no allegations to suggest that any of the named Defendants took an affirmative act, participated in another's affirmative acts or omitted to perform an act resulting in a violation of Plaintiff's constitutional rights. No where does the FAC allege which, if any, of the named Defendants denied Plaintiff's request to decontaminate or prevented him from decontaminating. It is unclear as to the amount of OC spray to which Plaintiff was subjected and whether he was directly hit with the OC spray or instead subjected to its affects from being in the vicinity of where it was used. In fact, the FAC

contains no allegations that Plaintiff was suffering from the effects of the OC spray. Even if Plaintiff was in fact struck with a chemical agent, there are no facts to indicate that any named Defendant was aware that Plaintiff was suffering the effects of a chemical agent and nevertheless denied him an opportunity to decontaminate in violation of the Eighth Amendment. Accordingly, the FAC fails to adequately allege a causal connection between the actions or inactions of any of the named Defendants to give rise to an Eighth Amendment claim.

### B. Supervisor Liability

Liability under section 1983 arises only upon a showing of personal participation by the defendant. "There is no respondeat superior liability under section 1983." *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir.1989) (citations omitted); *see also Jones v. Williams*, 297 F. 3d 930, 934 (9th Cir. 2002) (liability under section 1983 is predicated upon "personal participation in the alleged rights deprivation: there is no respondeat superior liability under section 1983."). Instead, a supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations or knew of the violations and failed to act to prevent them. *Taylor*, 880 F.2d 1045, *see also Starr v. Baca,* 652 F.3d 1202, 1206–07 (9th Cir. 2011).

Here, the FAC alleges that Defendant Moreno is liable for the negligent actions of the officers under his command. (Doc. No. 12 at 3-4). As an initial matter, the FAC does not specify which of the officers are under his command. Further, the FAC attributes liability to Moreno for his subordinate's "negligent conduct" but an Eight Amendment claim requires a finding of deliberate indifference, not negligence. And, it is clear that Plaintiff's attributes liability to Moreno solely "under the doctrine of respondeat superior," which is legally insufficient to state a § 1983 claim. *See Iqbal*, 556 U.S. at 678. Moreover, as discussed above, the FAC does not allege facts sufficient to state an underlying claim against any of the other Defendants, thus there is no basis for Plaintiff's claim that Defendant Moreno was aware of constitutional violations by his subordinates but failed to take any action. Nor does the FAC allege any affirmative acts by Moreno that violated Plaintiff's rights. Accordingly, the FAC fails to state a claim against Defendant Moreno.

////

**C. Violation of Jail Policies and Procedures**

Plaintiff attaches to his FAC a portion of the FCJ Jail Policies and Procedures concerning use of oleoresin capsicum spray ("O.C. spray"). (*See* Doc. No. 13 at 7-13). The FAC alleges that Defendants Carmargo, Rivera, Alvardo and other unnamed Defendants "are trained to follow rules and instructions, according to the policy/procedures of the Fresno County Jail." (*Id*. at 4). Liberally construed, the FAC alleges that one or more Defendants failed to follow jail policies regarding decontamination of inmates after the use of O.C. spray. As discussed above, however, the FAC fails to allege sufficient facts for the Court to infer that any specific Defendant knew Plaintiff had been exposed to a chemical agent and nevertheless failed to permit him to decontaminate. Moreover, there is no federal constitutional liberty interest in compliance with prison regulations. *Solomon v. Felker*, 2013 WL 5375538, at *12 (E.D. Cal. Sept. 24, 2013) ("Plaintiff's allegation that the defendants failed to adhere to the prison's own institutional policies and procedures does not, by itself" give rise to a constitutional violation); *Sandin v. Conner*, 515 U.S. 472, 481–82, (1995) (recognizing prison regulations are "primarily designed to guide correctional officials in the administration of a prison" and are "not designed to confer rights on inmates"); *Hovater v. Robinson*, 1 F.3d 1063, 1068 n. 4 (10th Cir. 1993) ("[A] failure to adhere to administrative regulations does not equate to a constitutional violation."). Thus, the mere fact that one or more Defendants failed to follow FCJ policies concerning decontamination does not by itself establish a constitutional violation.

**CONCLUSION AND RECOMMENDATION**

Based on the above, the undersigned finds Plaintiff's FAC fails to state any cognizable claim. The FAC suffers from many of the same pleading deficiencies that the undersigned identified and explained to Plaintiff in screening his original Complaint. Plaintiff reasserted many of the same claims that were asserted in his Complaint, including an Eighth Amendment claim stemming from his failure to decontaminate after being exposed to chemical agents. Despite being provided with guidance and the appropriate legal standards, Plaintiff was unable to cure the deficiencies identified above. A plaintiff's repeated failure to cure a complaint's deficiencies constitutes "a strong indication that the [plaintiff has] no additional facts to

8

plead." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (citation and internal quotation marks omitted). Thus, the undersigned recommends that the district court dismiss the FAC without further leave to amend. *McKinney v. Baca*, 250 F. App'x 781 (9th Cir. 2007) (citing *Ferdik v. Bonzelet,* 963 F.2d 1258, 1261 (9th Cir.1992)) (noting discretion to deny leave to amend is particularly broad where court has afforded plaintiff one or more opportunities to amend his complaint).

ACCORDINGLY, it is hereby ORDERED:

1. Plaintiff's pleading titled "Objections' filed May 17, 2024 (Doc. No. 11) construed as a motion for extension of time, is GRANTED.
2. Plaintiff's First Amended Complaint filed May 17, 2024 (Doc. No. 12) is deemed the operative pleading.
3. Plaintiff's Objections filed May 28, 2024 (Doc. No. 13) are mooted by the Court's acceptance of the First Amended Complaint and these Amended Findings and Recommendations.

IT IS FURTHER **RECOMMENDED**:

The First Amended Complaint (Doc. No. 12) be dismissed under § 1915A for failure to state a claim and this case be dismissed.

////

////

## NOTICE TO PARTIES

These Amended Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l), and supersede the April 30, 2024 Findings and Recommendations. Within 14 days after being served with a copy of these Amended Findings and Recommendations, a party may file written objections with the Court. *Id*.; Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." The assigned District Judge will review these Amended Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file objections within the specified time may result in the waiver of certain rights

on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated:   June 11, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE