1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   AUGUSTIN SALAZAR,                    Case No.  1:24-cv-00167-KES-HBK (PC)

12              Plaintiff,                ORDER ADOPTING FINDINGS AND
                                          RECOMMENDATIONS TO DISMISS CASE
13       v.                               FOR FAILURE TO STATE A CLAIM AND
                                          DISMISSING CASE FOR FAILURE TO
14   FRESNO COUNTY SHERIFF'S OFFICE,      PROSECUTE

15              Defendant.                (Doc. 14)

16

17          Plaintiff Augustin Salazar is proceeding pro se and in forma pauperis in this prisoner civil

18   rights action brought pursuant to 42 U.S.C. § 1983.  (Docs. 7, 12.)  The matter was referred to a

19   United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20          On March 20, 2024, the assigned magistrate judge screened the complaint, found it failed

21   to state a cognizable claim for relief, and granted plaintiff until April 22, 2024, to either:  (1) file

22   an amended complaint, (2) stand on his original complaint subject to the recommendation of

23   dismissal, or (3) voluntarily dismiss this action under Federal Rule of Civil Procedure 41(a)(1).

24   (Doc. 8.)  Following plaintiff's failure to take any action by the specified deadline, on April 30,

25   2024, the magistrate judge issued findings and recommendations, recommending that this action

26   be dismissed without prejudice for plaintiff's failure to obey court orders and failure to prosecute.

27   (Doc. 10.)  The findings and recommendations were served on plaintiff and contained notice that

28   any objections thereto were to be filed within fourteen (14) days of service.  (*Id.* at 5.)  On

1   May 17, 2024, the Court received plaintiff's objections to the findings and recommendations and

2   a first amended complaint ("FAC").  (Docs. 11, 12.)  The Court received a second filing objecting

3   to the findings and recommendations from plaintiff on May 28, 2024.  (Doc. 13.)

4          On June 12, 2024, the assigned magistrate judge issued amended findings and

5   recommendations, recommending this action be dismissed under 28 U.S.C § 1915A because

6   plaintiff's FAC failed to state a cognizable federal claim.[1]  (Doc. 14.)  Specifically, the magistrate

7   judge recommended dismissal because the FAC failed to allege facts establishing that any

8   defendant was responsible for violating plaintiff's constitutional rights during a prison incident

9   involving pepper spray.  (*See generally id*.)  The amended findings and recommendations were

10  served on plaintiff and contained notice that any objections thereto were to be filed within

11  fourteen (14) days of service.  (*Id*. at 9–10.)  On June 28, 2024, plaintiff sought an extension of

12  time to respond to the amended findings and recommendations, which was granted on July 12,

13  2024, allowing plaintiff until August 28, 2024, to file a response.  (Docs. 15, 16.)  On July 23,

14  2024, the order granting plaintiff's motion for an extension of time was returned as

15  "Undeliverable, Not in Custody."[2]  Plaintiff was afforded more than sixty-three (63) days in

16  accordance with Local Rule 183 to file a change of address and has failed to do so.  Additionally,

17  plaintiff has failed to file any objections to the June 12, 2024 findings and recommendations and

18  the time to do so has expired.

19         In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de

20  novo review of this case.  Having carefully reviewed the file, the Court concludes that the

21  findings and recommendations are supported by the record and by proper analysis.

22

23  [1]  In the amended findings and recommendations, the magistrate judge (1) construed plaintiff's
    first objections (Doc. 11) as seeking an extension of time to respond to the screening order and
24  granted the request, (2) screened the FAC, and (3) found that plaintiff's second objections
    (Doc. 13) were mooted as a result.  (Doc. 14.)
25

26  [2]  Though this order was returned as undeliverable, it was properly served on plaintiff.  *See*
    L.R. 182(f) ("Each appearing attorney and pro se party is under a continuing duty to notify the
27  Clerk and all other parties of any change of address or telephone number of the attorney or the
    pro se party.  Absent such notice, service of documents at the prior address of the attorney or pro
28  se party shall be fully effective.").

1      This case is also independently dismissed for plaintiff's failure to prosecute and failure to

2   comply with a court order.  Under Local Rule 183(b), "[i]f mail directed to a plaintiff *in propria*

3   *persona* by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the

4   Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court

5   may dismiss the action without prejudice for failure to prosecute."  L.R. 183(b).  In this case,

6   more than sixty-three days have elapsed since the order granting plaintiff's motion for an

7   extension of time was returned as undeliverable, and plaintiff has yet to provide the Court with

8   his current address.[3]

9      In determining whether to dismiss a case for lack of prosecution, the Ninth Circuit has

10   held that district courts must consider "(1) the public's interest in expeditious resolution of

11   litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4)

12   the public policy favoring disposition of cases on their merits and (5) the availability of less

13   drastic sanctions."  *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

14      Here, the *Henderson* factors weigh in favor of dismissal.  The public's interest in

15   expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of

16   dismissal because the Court cannot effectively manage its docket, nor can the litigation be

17   expeditiously resolved if plaintiff does not litigate his case.  *See Yourish v. Cal. Amplifier*, 191

18   F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always

19   favors dismissal.").  The magistrate judge's order granting plaintiff's motion for an extension of

20   time required plaintiff's action and plaintiff has not responded to it.  (Doc. 16.)  Moreover, that

21   order was returned as undeliverable, and plaintiff has failed to update his address with the Court.

22   As to the third factor, the risk of prejudice to the defendant also weighs in favor of dismissal

23   given that unreasonable delay in a case gives rise to a presumption of injury to the defendant.

24   *See, e.g., Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976).

25   ///

26
27   [3]  Under Local Rule 110, "[f]ailure of counsel or of a party to comply with these Rules or with
any order of the Court may be grounds for imposition by the Court of any and all sanctions . . .
within the inherent power of the Court."  L.R. 110.  Dismissal of a case is a sanction within the
28   Court's inherent power.  *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000).

3

1    While the fourth consideration, that public policy favors disposition of cases on their

2    merits, generally weighs against dismissal, here it lends little support "to a party whose

3    responsibility it is to move a case toward disposition on the merits but whose conduct impedes

4    progress in that direction." *In re Phenylpropanolamine (PPA) Products Liab. Litig.*, 460 F.3d

5    1217, 1228 (9th Cir. 2006) (citations omitted).  Finally, the magistrate judge's warnings in its

6    original screening order issued March 20, 2024, that plaintiff's failure to comply with the Court's

7    order may result in dismissal of this action, (Doc. 8), should have alerted plaintiff to the

8    consequences that would result from subsequent failures to comply with Court orders.  This

9    warning likely satisfies the "considerations of the alternatives" requirement, *see Ferdik v.*

10   *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), and even if it does not, the other four factors

11   supporting dismissal outweigh one factor against dismissal.  *Malone v. U.S. Postal Serv.*, 833

12   F.2d 128, 133 n.2 (9th Cir. 1987).  Additionally, at this stage in the proceedings there is little else

13   available to the Court that would constitute a satisfactory lesser sanction given the Court's

14   inability to communicate with plaintiff.  *See, e.g.*, *Gaston v. Marean*, No.

15   118CV00569AWIBAMPC, 2020 WL 4059200, at *3 (E.D. Cal. July 20, 2020) ("given the

16   Court's apparent inability to communicate with Plaintiff, there are no other reasonable

17   alternatives available to address Plaintiff's failure to prosecute this action and his failure to

18   apprise the Court of his current address."), *report and recommendation adopted*, No.

19   118CV00569AWIBAMPC, 2020 WL 4890039 (E.D. Cal. Aug. 20, 2020).

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

4

Accordingly:

1.  The findings and recommendation, issued on June 12, 2024, (Doc. 14), are adopted in full;

2.  Plaintiff's FAC is dismissed, with prejudice, for failure to state a cognizable claim;

3.  This case is also dismissed for failure to comply with court orders and failure to prosecute; and

4.  The Clerk of the Court is directed to close this case.


IT IS SO ORDERED.

Dated:    December 13, 2024

_____
UNITED STATES DISTRICT JUDGE